UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN S. BRIJBAG,

    Plaintiff,

v.                                                          CASE NO.: 8:06-CV-2356-T-MAP

MICHAEL J. ASTRUE,
Commissioner Of Social Security,

    Defendant.
_____/

### ORDER

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks judicial review of the Commissioner's decision denying his claim for period of disability and disability insurance benefits. The Plaintiff argues the Administrative Law Judge ("ALJ") erred at step four of the sequential analysis by improperly relying on the vocational expert's ("VE") testimony that he could perform his past relevant work as a bio-medical equipment technician. In summary, the Plaintiff claims the ALJ should have resolved the conflict between the VE's testimony the description of the physical demands described by the Dictionary of Occupational Titles (DOT). After consideration, I find the ALJ appropriately followed Social Security Ruling 00-4p which deals with such conflicts; accordingly, the Commissioner's decision is affirmed.[1]

*A. Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

[1] The parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c).

continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his past relevant work. If the claimant cannot perform the tasks required or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do no other work in the national economy in view of his age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v.*

*Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

  *B. Discussion*

  Social Security Ruling 00-4p squarely addresses how the ALJ should resolve *apparent* conflicts between the VE's testimony and the DOT.[2] The ruling requires the ALJ to ask the VE whether any possible conflict exists between his testimony and the DOT, and if the testimony appears to conflict with the DOT to "elicit a reasonable explanation for the apparent conflict."[3] This case varies from that model. Here, the ALJ, prior to posing any hypothetical, asked the VE

---

[2] The DOT, a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy, specifies the general educational requirements (GED) including the level of reasoning skills required for each job.

[3] The ruling states in pertinent part:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p (December 4, 2000).

to "alert" him if the VE's answers to any questions differed from the information outlined in the DOT. *See* R. 431. With that said, the ALJ posed a hypothetical to the VE that incorporated the Plaintiff's age, education, relevant work history, and residual functional capacity – a restricted range of light work that did not include any "kneeling, crouching, crawling, and climbing ropes, ladders, or scaffolds."[4] Based on that assumption, the VE opined the Plaintiff could return to his former work as a bio-medical equipment technician as generally performed in the national economy and as defined by the DOT. Both sides now acknowledge the DOT's description envisions occasional crouching in performing the tasks necessary for the job.

The Eleventh Circuit has not interpreted nor applied SSR 00-4p. Before the rule's promulgation, however, the circuit's position was that a vocational expert's testimony "trumped" the job information outlined in the DOT. *See Jones v. Apfel,* 190 F.3d 1224 (11th Cir. 1999) (the jobs identified by the VE in *Jones* did not exceed the claimant's residual functional capacity even under the DOT's definitions). But SSR 00-4p specifically states that "[n]either the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the "apparent" conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT

---

[4] Per 20 C.F.R. § 404.1567(b), "light work" is defined as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

information." Given that Social Security Rulings, which the administration issues to clarify regulations and policy, are binding upon all components of the Social Security Administration, *see Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990), I do not find *Jones* applicable nor helpful. Instead, the narrow issue here is whether remand is warranted when the conflict between the VE's testimony and the DOT is *not apparent*, particularly when the claimant is represented by counsel at the hearing and the VE is subject to cross examination. Put another way, must the ALJ independently examine the correctness of the VE's testimony or is the ALJ entitled to rely on the VE's unchallenged testimony? Courts that have considered these questions have refused to remand such cases. In short, the ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT. *See Donahue v. Barnhart,* 279 F.3d 441, 446-47 (7th Cir. 2002); *see also Martin v. Commissioner of Social Security,* 2006 WL 509393, at *4-5 (6th Cir. 2006) (unpublished); *Haas v. Barnhart,* 2004 WL 396982, at *5-6 (5th Cir. 2004) (unpublished); and *Lembke v. Barnhart,* 2006 WL 3834104, *14-15 (W.D. Wis. 2006).

    *C. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Defendant.

DONE AND ORDERED at Tampa, Florida on January 31, 2008.

                                      */s/ Mark A. Pizzo*
                                      MARK A. PIZZO
                                      UNITED STATES MAGISTRATE JUDGE